IN THE UNITED STATES FEDERAL DISTRICT COURT
WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | |
|---|---|
| ALVINA TORRES., <br>    Plaintiff, <br><br> vs. <br><br><br> THE BREEDEN COMPANY, INC <br>    Defendant. | § <br> § <br> § <br> § <br> § Case No. _____ <br> § <br> § <br> § <br> § <br> § |

## COMPLAINT

COMES NOW THE PLAINTIFF, Alvina Torres (hereafter Torres) and files this Complaint against Defendant The Breeden Company Inc. (hereafter Breeden) and in support thereof states as follows:

### PARTIES

1. Plaintiff is a resident of the City of Virginia Beach. Virginia.

2. Defendant is a private Virginia corporation with its principal place of business in Virginia Beach, Virginia, Virginia.

### JURISDICTION AND VENUE

This Court has subject matter jurisdiction over plaintiff's claims alleging violations of 42 U.S.C. § 2000(e)(k) pursuant to 28 U.S.C. §1331. This Court has supplemental jurisdiction over plaintiff's state law claim under Virginia Code §2.2-3905(B) pursuant to 28 U.S.C. 1367. Venue is proper in this Court under 298 U.S.C. § 1391 (b)(2).

## ADMINISTRATIVE REMEDIES

Torres has exhausted her administrative remedies, and her claims have been cross-filed with state agencies. Torres has been issued a right to sue letter. (Exhibit A).

## FACTS

1. Torres began working for Breeden as a leasing agent in March 2016 and was promoted to Assistant Property Manager a short time later.

2. From March, 2016 to until October 2019, Torres performed her job duties to Breeden's satisfaction, either meeting or exceeding performance expectations and as stated, having earned a promotion.

3. In October or 2019, Torres notified Breeden management that she was pregnant. In March of 2020 Torres was advised by her physician to remain in emergency isolation due to Covid -19 and Torres' impending due date.

4. Before taking maternity leave, Torres requested that she be able to work from home until she gave birth, but this request was denied. Torres was required to utilize family medical leave instead.

5. After giving birth, Torres advised Breeden that she was ready and able to return to work.

6. During Torres' absence, Breeden hired another employee to perform Torrres' job as Assistant Property Manager. When Torres advised Breeden she was ready to return to work, Breeden informed Torres that she would be returning to a different position as an Assistant Property Manager.

7. When Torres returned to work, she discovered that she was no longer an Assistant Property Manager. Torres was told that she was to be an assistant property manager but in fact was placed in a position subordinate to the Assistant Property Manager position held by a non-lactating female.

8. Upon returning to work, Torres notified Breedent that she was lactating and needed to pump breast milk during working hours. Torres requested that she have a place where she could express milk in private.

9. Breeden did not honor Torres' request. Instead, Torres was ostracized in the workplace and placed in situations designed to humiliate and embarrass Torres. The actions taken by Breeden management were intended to discourage Torres from continuing in her employment. By way of example and not limitation, Torres endured the following:

    a. When Torres advised that she needed privacy for lactation, she was placed in an interior office with a window with no blind and a doorway opening to a foyer where customers would congregate;

    b. When Torres requested a more private area to pump breast milk, Torres was told she could use a back room which had office supplies. This "back room" offered no privacy for Torres, as employees were continually in and out of the supply room, which also contained a security camera which was not turned off. Torres requested that the camera be turned off, and after two weeks Torres put tape over the camera herself.

    c. Breeden management conducted impromptu meetings for Breeden employees when Torres was required to pump breast milk. As a consequence, Torres would miss the meetings and corresponding opportunity to accept managerial duties. Instead, Torres was relegated to performing minor tasks delegated to her by the Assistant Property Manager. Torres performed none of her prior job duties, but was essentially an aide to the Assistant Property Manager.

    d. Torres was frequently undermined by employees who interfered with her ability to perform her job duties promptly and efficiently, and was not given clear direction as to what job duties she was to perform as an assistant to the Assistant Property Manager. Thus, Torrres' job performance was impaired through no fault of her own.

    e. When Torres requested clarification as to what her job duties actually were, a meeting was scheduled with Breeden management. At the meeting, Torres was told that she was terminated.

10. Breeden engaged in a pattern and practice of creating conflicting and unreasonable job performance demands upon Torres as a pretext for Breeden's discriminatory animus toward Torres as a lactating female employee.

## COUNT I. TITLE VII DISCRIMINATION

Plaintiff re-alleges and incorporates by reference herring paragraphs 1-10 of the "FACTS" section stated above and further states:

11. Torres was a member of a protected class of employee falling within the purview of 42 U.S.C. §200(e)(k), i.e., a lactating female.
12. Torres suffered an adverse employment action when terminated by Breeden.
13. Prior to her termination, Torres performed her job duties at Breeden satisfactorily and within her employer's business expectations as compared to other employees with similar training and experience.
14. Torres was replaced in her position by another employee who was not lactating and had not taken maternity leave.
15. Torres' lactation was a motivating factor in Breeden's decision to terminate her employment.
16. Breeden's claim that Torres was terminated for poor job performance is a mere pretext for its discriminatory animus towards Torres.
17. Breeden's actions in terminating Torres because of her lactation were intentional and committed with willful and reckless disregard for Torres' rights. Accordingly, punitive damages are warranted to deter Breeden and others from like conduct in the future.

WHEREFORE, Torres demands judgment against Breeden for its cause of action in an amount sufficient to compensate Torres for the injuries sustained and identified herein as well as pre- and post-judgment interest, court costs, attorneys fees, and any other damages as this Court may find to be just and appropriate, and as provided by law.

## COUNT II VIRGINIA VALUES ACT

Plaintiff re-alleges and incorporates by reference herring paragraphs 1- 10 of the "FACTS" section stated above and further states:

18. At the time of discharge Torres was a lactating employee as defined by the terms of the Virginia Values Act, Virignia Code §2.2-3905(B).

19. Prior to her termination Torres performed her job duties satisfactorily and within Breeden's expectations as compared to other similarly situated employees.

20. After returning to her employment from maternity leave, Torres was lactating and Breeden knew of her condition.

21. That Breeden engaged in a pattern and practice of ostracizing and humiliating plaintiff due to her lactation and her need to express breastmilk in the workplace.

22. Upon Torres' return from maternity leave, Breeden engaged in a pattern and practice of creating conflicting and unreasonable job performance demands upon Torres as a pretext for Breeden's discriminatory animus toward Torres as a lactating female employee.

23. Breeden terminated Torres because of her pregnancy related condition as a lactating female employee.

24. Breeden's actions in terminating Torres because of her lactation were intentional and done with willful and reckless disregard for Torres' rights. Accordingly, punitive damages are warranted to deter Breeden and others from like conduct in the future.

WHEREFORE, Torres demands judgment against Breeden for its cause of action in an amount sufficient to compensate Torres for the injuries sustained and identified herein as well as pre- and post-judgment interest, court costs, attorneys fees, and any other damages as this Court may find to be just and appropriate, and as provided by law.

**A JURY TRIAL IS DEMANDED ON ALL COUNTS**

**ALVINA TORRES**

s/ _[signature]_
By Counsel
John M. Loeschen
Loeschen Law Firm, PLLC
30 East Clay St. #201
Salem, VA 24153
VSB 48996
877-645-0683
johnloeschen@yahoo.com